**In re METROPOLITAN COSMETIC RECONSTRUCTIVE SURGERY P.A., Debtor.**

**Timothy D. MORATZKA, Trustee, Plaintiff,**

v.

**Susan CLARK, Defendant.**

**Bankruptcy No. 3–86–3007. Adv. No. 3–90–242.**

United States Bankruptcy Court, D. Minnesota, Third Division.

April 8, 1991.

Priscilla McNulty, Minneapolis, Minn., for plaintiff.

Joseph Dicker, Minneapolis, Minn., for defendant.

### ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on cross motions for summary judgment. Appearances are as noted in the record. The Court having received memoranda and heard arguments in the proceeding, and now being fully advised in the matter, makes this ORDER pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

The Petition was filed in this case under 11 U.S.C. Chapter 11, on November 7, 1986. The case was converted to a case under Chapter 7 on January 11, 1989. Plaintiff Trustee was appointed trustee in the Chapter 11 proceedings on September 15, 1988, and was later appointed as the trustee in the converted case. He commenced this action on October 9, 1990, seeking to avoid transfers made by the former Debtor in Possession to the Defendant in the amounts and at the times listed below:

| Check NO. | Date of Check | Amount of Check |
| --- | --- | --- |
| 2432 | October 26, 1987 | $ 500 |
| 2522 | December 31, 1987 | $1,400 |
| 2585 | March 1, 1988 | $1,250 |
| 2619 | March 28, 1988 | $3,200 |

The transfers are alleged to be avoidable under 11 U.S.C. §§ 544 and 549. Plaintiff claims that the transfers were without consideration and are avoidable under Minn. Stat. § 513.44, the Minnesota fraudulent conveyance statute, as applicable through 11 U.S.C. § 544(b).[1] The Plaintiff also seeks to avoid the transfers under § 549, which empowers a trustee to avoid transfers of estate property that are not authorized.

The Defendant argues that § 544 empowers a trustee to avoid only prepetition transfers of interests of a debtor in property, and not postpetition transfers of interests of a bankruptcy estate. The Defendant claims that § 549 is the only applicable enabling statute under which the Trustee could proceed against her, and that his action is barred by the statute of limitations included in the section.[2]

## II.

 Bankruptcy estates are created and governed by federal law, specifically the *Bankruptcy Code*, (11 U.S.C. Sec. 101 *et seq.*, 1978, as amended). Administration and disposition of estate property are governed by, and are subject to, federal bankruptcy law, not state law. Only transfers of estate property that are authorized by either the *Code* or the Court may be made. What constitutes an unauthorized transfer of estate property is, therefore, determined by federal law under the *Code*. Accordingly, Minnesota fraudulent conveyance law has no application to postpetition transfers of estate property. Section 544(b), which provides for the avoidance of a transfer that is avoidable under state law, applies only to the prepetition transfer of *an interest in property of a debtor*. It does not apply to the postpetition transfer of *an interest in property of an estate*.

 Section 549 is the relevant enabling statute that empowers a trustee to avoid unauthorized transfers of estate property. In this case, the action was commenced untimely by the Plaintiff, since it was commenced more than two years after the date of each of the four transfers complained of. Accordingly, the action is barred by the two year statute of limitation contained in the section.

## III.

Based on the foregoing, it is HEREBY ORDERED:

---

1. Section 544(b) reads:

 The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title ... or that is not allowable only under section 502(e) of this title ...

2. Section 549(d) reads:

 (d) An action or proceeding under this section may not be commenced after the earlier of—

 (1) two years after the date of the transfer sought to be avoided; or,

 (2) the time the case is closed or dismissed.

Defendant is not accountable or liable to the Plaintiff for $6,350 in connection with transfers received by her from the former Debtor In Possession.

LET JUDGMENT BE ENTERED ACCORDINGLY.